# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JAMES HUEBNER,**

        **Plaintiff,**

vs.

        Civil Case no.: **CIV 01-1238 KBM/LCS**

**CITY OF ROSWELL, a body politic organized
and acting under the authority of the Laws of
New Mexico, MAYOR BILL OWENS in his
official capacity, and CHIEF RICHARD
CAMPBELL, individually and in his official
capacity as Chief of the Police Department of the
City of Roswell,**

        **Defendants.**

F I L E D
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC - 5 2001

CLERK

MLK

## AMENDED COMPLAINT FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS, SECTION 1983, 1ˢᵗ AMENDMENT RIGHTS, DUE PROCESS, EQUAL PROTECTION, BREACH OF EMPLOYMENT CONTRACT AND OF CONTRACT OF GOOD FAITH AND FAIR DEALING, HUMAN RIGHTS AND OTHER STATE STATUTORY VIOLATIONS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND RETALIATORY DISCHARGE

**COMES NOW,** Plaintiff James Huebner, by and through his attorney, Lorenzo E. Tapia, and hereby states the following causes of action for relief and damages against Defendants:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Section 2000e-5(f)(3), hereinafter Title VII), 28 U.S.C. Sections 1331 and 1343. The rights, privileges, and immunities sought herein to be readdressed are those secured by federal and state law and under its pendent jurisdiction, namely, 28 U.S.C. Section 1367.

2.    All conditions precedent to jurisdiction under 42 U.S.C. Section 20005(f)(3) have occurred or been compiled with, that is: Plaintiff filed charges with the EEOC which

3

administers Title VII; the charges alleged employment discrimination against Plaintiff based on retaliation. Subsequently, within statutory time limits, Plaintiff was advised that he had the right to sue Defendants under Title VII, a copy of which is attached hereto as "Exhibit 1." Plaintiff having exhausted all administrative remedies, compiled with his Dismissal, and Notice of Right to Sue by timely filing this Complaint with this Court within the ninety (90) day time limit.

3.      That Plaintiff also gave timely notice under the Tort Claims Act of the State of New Mexico, a copy of which is attached hereto as "Exhibit 2."

4.      With respect to the state claims alleged herein, the Court also has, and should exercise, supplemental pendent jurisdiction over those claims pursuant to 28 U.S.C. Section 1367.

5.      The unlawful employment practices and causes of action alleged herein were committed in Chaves County, New Mexico, at all times material to the allegations in the Complaint; all parties are believed to have resided in New Mexico at all times material to the Complaint. Venue in this Court is authorized by the Constitutions of the United States and the State of New Mexico, more specifically the Equal Protection and Due Process Clauses of said Constitutions, and New Mexico Human Rights Act and New Mexico law.

### PARTIES

6.      At all times material to this Complaint, Plaintiff James Huebner was a male employee of the City of Roswell Police Department (Roswell Police Department), a citizen of the United States and the State of New Mexico and a resident of Chaves County, New Mexico.

7.      At all times material to this Complaint, Defendant City of Roswell (Roswell) has been a

2

political entity organized and doing business in the State of New Mexico and is an

employer within the meaning of all applicable laws.

8.     Defendant Mayor Bill Owens (Owens) upon information and belief, at all times material

and relevant hereto, resided in Roswell, Chaves County, New Mexico.

9.     Defendant Chief Richard Campbell (Campbell) upon information and belief, at all times

material and relevant hereto, resided in Roswell, Chaves County, New Mexico.

## FACTUAL ALLEGATIONS COMMONS TO ALL COUNTS

10.    Plaintiff, at all times material to this Complaint, was employed by the Roswell Police

Department as a sergeant assigned as a computer administrator.  Plaintiff worked with

Defendant Roswell Police Department from about July 1984 until about May 22, 2000;

approximately sixteen (16) years.  At all times material to this Complaint, in that position,

Plaintiff was responsible for matters including computer networking, upgrading, setting

up computer systems and other such work assignments and duties.

11.    At all times material to the Complaint, Defendant Owens was the Mayor of the City of

Roswell and Defendant Campbell was the Chief of Police for the Roswell Police

Department.

12.    This case arises out of the actions of the officials of Roswell, including Defendants

herein, to unconstitutionally deprive Plaintiff of his fundamental right to marriage, his

right to freedom of association, and his privacy and liberty interests, wrongful discharge,

breach of employment contract, breach of covenant of good faith and fair dealing, and

other applicable federal and state law violations.

13.    During Plaintiff's tenure with the Roswell Police Department Plaintiff became

3

romantically involved with a female police officer dispatcher in the Roswell Police Department and about March 2000 the two began living together with the intent to marry.

14. Plaintiff, after Defendants' compelled the termination of his employment, in fact married the subject female police officer.

15. At all times material to this action, Defendant Roswell had in full force and effect personnel rules, regulations, policies and procedures, including a "nepotism" policy, and disciplinary, employment, transfer, and seniority policies and procedures.

16. Plaintiff became aware of Defendant Roswell's Nepotism Rule which is attached hereto as "Exhibit 3," which purportedly prohibited persons living together from being employed in the Roswell Police Department in a supervisor/subordinate capacity.

17. The nepotism policy also provided that within fourteen (14) days after a change in living arrangements, employees could request a transfer and that the person with less seniority would be transferred in such a situation, which did not occur.

18. At all times material to this Complaint, Plaintiff, a sergeant, had more seniority in his employment with the Roswell Police Department than did his fiancé police officer, who was a dispatcher and who had the least seniority with Roswell Police Department.

19. Approximately three (3) days after Plaintiff began living with his female fiancé, Defendants became aware of Plaintiff's living arrangements and informed him that such an arrangement was in violation of their nepotism policy.

20. Plaintiff's supervisor Campbell advised Plaintiff that he would have to choose to stop his relationship with his fiancé, transfer his employment, or quit his employment with Defendants.

4

21.  Campbell further informed Plaintiff that the living arrangements were not right and that the relationship would not last and would "sour."

22.  Upon learning of the "choices" Defendants were forcing upon him, Plaintiff advised Campbell that he would discuss the situation with his fiancé and give Campbell his decision.  Campbell then told Plaintiff he had until noon to make his decision, despite the fact that Defendants' nepotism policy gave employees fourteen (14) days to request a transfer after a change in living arrangements.

23.  Plaintiff informed his fiancé of his employment choices and she, as the least senior member of the couple, voluntarily requested a transfer from Defendant Campbell.

24.  Before Plaintiff could communicate to Defendants a decision regarding his employment, Defendants transferred Plaintiff to another position on swing shift.

25.  Defendants then unreasonably and without any legitimate purpose locked Plaintiff out of the computer system which he had helped to organize and/or to implement.

26.  Campbell advised Plaintiff immediately to move out of Plaintiff's residence and to cease living with Plaintiff.  Campbell further advised Plaintiff that he and his fiancé were not allowed to live together, he was not allowed to stay in or visit his home with his fiancé, he was not allowed to talk with her by telephone or other means, she was not allowed to be in his vehicle, he was not allowed to be present in the radio room with her, and she was not allowed to associate with him in any manner.  Defendants further informed Plaintiff that he would be watched, which Defendants did via unwarranted acts of surveillance.

27.  At this same time, other employees in the Roswell Police Department were allowed to

make and receive telephone and other communications from their spouses and others with whom they had a significant relationship, were allowed to be present in the same vehicle and work room with them, and were not similarly restricted in their associations with such persons.

28.  Defendants compelled Plaintiff and his fiancé to obtain special permission for Plaintiff to go to his home with his fiancé to retrieve work clothes and belongings.

29.  On or about March 12, 2000, Defendants advised Plaintiff's fiancé that her transfer had been denied and that Plaintiff instead would be transferred, contrary to Defendants' nepotism policy in effect at that time.

30.  Defendants informed Plaintiff and his fiancé that they would make an example out of him due to his choice to live with his fiancé, a female dispatcher.

31.  At all times material to this Complaint, Plaintiff had good work performance as a sergeant with the Roswell Police Department.

32.  Defendants' wrongful conduct placed Plaintiff in an untenable position of severe uncertainty with regard to his employment with the Roswell Police Department and required Plaintiff to choose whether to associate with and marry his fiancé police officer, a dispatcher, risking his current and future employment and opportunities, or to face termination of his employment.

33.  Following Defendants' discovery of Plaintiff's lawful relationship with his fiancé, a police officer dispatcher, Defendants failed to treat Plaintiff in a like manner to similarly situated employees and subjected Plaintiff to on going harassment, ridicule, increased scrutiny including home surveillance, internal investigations, wrongfully transferred him

6

from the job he held to another position on swing shift with lesser and different duties, unlawfully prohibited Plaintiff from communicating or associating with his fiancé, subjected Plaintiff to baseless reprimands and disciplinary action, including being suspended initially without pay, retaliation, and wrongfully forced Plaintiff to be constructively discharged and/or to terminate his employment with the Roswell Police Department.

34.   On or about May 11, 2000, Defendants wrongfully, unlawfully and contrary to Defendants' nepotism policy, caused the termination of Plaintiff's fiancé's employment.

35.   On or about May 22, 2000, Defendants wrongfully, unlawfully and contrary to Defendants' nepotism policy, forced Plaintiff to resign or be terminated from his employment if he continued his relationship with his fiancé, a female co-employee.

36.   Following the termination of Plaintiff employment, Defendants hired a female to fill Plaintiff's position, and in that position she directly supervised her own husband.

37.   At all times material hereto, Plaintiff was capable of performing duties wholly independent from those of his fiancé and other accommodations readily could have been made for the parties consistent with Defendants' nepotism policy.  Also Defendants had open and available employment positions for which Defendant's fiancé was qualified for other positions within Roswell Police Department and City of Roswell and to which readily Plaintiff's fiancé could have been transferred, had Defendants elected to do so.

### SECTION 1983

38.   Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-37 above, as if set forth in full herein.

7

39.  As a public employee with Defendant Roswell Police Department, Plaintiff had a constitutionally protected property interest in his employment which could not be abridged without due process of law and without infringing upon his rights to equal protection.

40.  Defendants' wrongful acts and/or omissions deprived Plaintiff of federally protected rights, including a constitutionally protected property interest in his employment.

41.  Defendants' wrongful acts and/or omissions, including Defendants' wrongful transfer of Plaintiff, continuous and on going harassment, degrading comments and retaliatory conduct including disciplinary action, increased scrutiny, investigations, denial of Plaintiff's right to freedom of association with his fiancé, employment termination and other adverse employment actions unlawfully impaired and deprived Plaintiff of his constitutionally protected property interest in his employment.

42.  Defendants wrongful acts and/or omissions were done under color of state law.

43.  As a direct and proximate result of Defendants' wrongful acts and/or omissions Plaintiff suffered damages and losses including but not limited to, economic losses, loss of income, wages, and benefits, a loss of employment advancement opportunities, consequential and incidental losses, extreme emotional distress, mental and physical pain and anguish, humiliation, ridicule, embarrassment, damage to his reputation, and other damages, including loss of enjoyment of life, violation of his constitutional rights including the right to free association, prejudgment interest, punitive damages and other damages permitted by law.

## 1ST Amendment Rights

44.     Plaintiff incorporates by reference all of the allegations contained in paragraphs 1-43 as if
        fully set forth herein.

45.     Pursuant to the First Amendment of the United States Constitution of the United States,
        Plaintiff had a constitutionally protected right to free speech, freedom of association with
        other persons and privacy.

46.     Plaintiff's legitimate, constitutionally protected right to exercise freedom of association
        and to marry and date a female co-employee did not involve a legitimate matter of public
        concern and Defendants could not infringe upon or prohibit her lawful right to freedom of
        association, privacy and right to seek relationships leading to marriage. Plaintiff's
        interest in participating in matters as alleged herein, outweighed any interest of
        Defendants as employers, in promoting the efficiency of the public service it performs
        through its employees.

47.     All Defendants, especially Defendant Campbell, violated Plaintiff's constitutionally
        protected right to freedom of association, right to engage in conduct that could lead to
        marriage and Defendants infringed upon Plaintiff's rights to privacy by wrongful acts
        and/or omissions, including but not limited to the compelled resignation and termination
        of Plaintiff's employment, harassing and threatening Plaintiff, retaliating against Plaintiff
        subjecting him to adverse treatment and wrongfully transferring Plaintiff, causing
        Plaintiff embarrassment and compelling the termination of Plaintiff's employment, and
        other such acts and/or omissions alleged herein.

48.     Plaintiff's exercise of his rights to freedom of association, free speech, and invasion of
        privacy were a substantial or motivating factor in Defendants' decision to improperly and

9

unlawfully apply Roswell's personnel rules, regulations and policies, including the nepotism rule, in wrongfully subjecting Plaintiff to baseless reprimands, harassment, and disciplinary action, in unlawfully restricting Plaintiff's right to free association with his fiancé, retaliating against Plaintiff and purposefully and unlawfully caused Plaintiff to resign his employment or be terminated.

49.     As a direct and proximate result of Defendants' wrongful acts and /or omissions as stated above Plaintiff suffered damages and losses including but not limited to, economic losses, loss of income, wages, and benefits, a loss of employment advancement opportunities, consequential and incidental losses, extreme emotional distress, mental and physical pain and anguish, humiliation, ridicule, embarrassment, damage to his reputation, and other damages, including loss of enjoyment of life, violation of his constitutional rights including a right to freedom of association, prejudgment interest, punitive damages and other damages permitted by law.

**Due Process**

50.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1- 49 as if set forth in full herein.

51.     Upon information and belief, at all times relevant to this action, Defendants had in effect personnel policies, procedures, employment manuals, a merit system, adopted under the guise of state law, and other such items regarding employee matters regarding transfers, disciplinary and termination matters and procedures, including a nepotism rule as described herein.

52.     As a public employee with the Roswell Police Department and pursuant to the parties'

10

contract and Defendant's personnel policies and procedures and merit system, Plaintiff had a constitutionally protected property interest in his employment, which could not be taken away or curtailed without affording his due process and equal protection of law under the Constitution of the United States.

53. Defendants violated Plaintiff's constitutional right to due process by wrongful acts and/or omissions including but not limited to, wrongfully causing the termination of Plaintiff's employment without affording him due process, violating the terms and conditions of their own personnel rules and regulations, including the nepotism rule, denying Plaintiff an opportunity to be heard at a meaningful time, prior to the imposition of punitive measures, wrongfully transferring Plaintiff, and other on going actions taken by Defendants to cause the termination of Plaintiff's employment without due process of law.

54. As a direct and proximate result of Defendant's wrongful acts and/or omissions alleged herein, Plaintiff suffered damages and losses including, but not limited to, economic losses, loss of income, wages, and benefits, a loss of employment advancement opportunities, consequential and incidental losses, extreme emotional distress, mental and physical pain and anguish, humiliation, ridicule, embarrassment, damage to his reputation, and other damages, including loss of enjoyment of life, violation of his constitutional rights including the right to free association, prejudgment interest, punitive damages and other damages permitted by law.

**Equal Protection**

55. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-54 as

set forth in full herein.

56.   At all times material to this action, Plaintiff had a constitutionally protected property and liberty interest in his employment with Defendant Roswell.

57.   Plaintiff's constitutionally protected interest included equal protection under the laws of the United States.

58.   Defendant violated Plaintiff's constitutional right to equal protection of the laws by wrongful acts and/or omissions including but not limited to, treating Plaintiff disparately from other employees, wrongfully causing the termination of Plaintiff's employment, wrongfully transferring Plaintiff, participating in, encouraging, and actively engaging in on-going conduct including harassment of and retaliation against Plaintiff, purposefully to force the termination of Plaintiff's employment and which conduct unlawfully discriminated against Plaintiff on the basis of his intimate associations and gender.

59.   Defendants' violation of Plaintiff's constitutional right to equal protection, including his right to freely associate with another police officer co-employee, and his right to due process, was intentional, purposeful, and discriminatory and was without any legitimate basis.

60.   As a direct and proximate result of Defendants' wrongful acts and/or omissions alleged herein, Plaintiff suffered severe damages and losses including, but not limited to, economic losses, loss of income, wages, and benefits, a loss of employment advancement opportunities, consequential and incidental losses, extreme emotional distress, mental and physical pain and anguish, humiliation, ridicule, embarrassment, damage to his reputation, and other damages, including loss of enjoyment of life, violation of his

constitutional rights including a right to free association, prejudgment interest, punitive

damages and other damages permitted by law.

## PRIMA FACIE TORT

61. Plaintiff incorporates by reference the allegations contained in paragraphs 1-60 as set
forth in full herein

62. Defendants intentionally and purposefully acted and/or failed to act with regard to
Plaintiff's employment with Defendant Roswell, by wrongfully and unlawfully
transferring Plaintiff, improperly applying Roswell's personnel rules, regulations, and
policies in violation of Roswell's own policies and in violation of Plaintiff's
constitutional rights against sex and/or gender discrimination and his right to associate
with, marry and date a female police officer, and other conduct referenced herein.

63. Defendants intended that their acts and/or omissions would cause harm to Plaintiff or
knew or should have known with certainty that their acts and/or omissions would cause
harm to Plaintiff.

64. Defendants' acts and/or omissions were a proximate cause of Plaintiff's harm.

65. Defendants' conduct was not justifiable under all the circumstances.

66. As a direct and proximate result of Defendants' wrongful acts and/or omissions alleged
herein, Plaintiff suffered severe damages and losses including, but not limited to,
economic losses, loss of income, wages, and benefits, a loss of employment advancement
opportunities, consequential and incidental losses, extreme emotional distress, mental and
physical pain and anguish, humiliation, ridicule, embarrassment, damage to his
reputation, and other damages, including loss of enjoyment of life, violation of his

constitutional rights including a right to free association, prejudgment interest, punitive damages and other damages permitted by law.

## **BREACH OF CONTRACT**

67.   Plaintiff incorporates by reference the allegations contained in paragraphs 1-66 as set forth in full herein.

68.   At all times material to this action, Defendant Roswell had in full force and effect personnel rules, regulations, policies and procedures, including a "nepotism" policy, and disciplinary, employment, transfer, and seniority policies and procedures.

69.   Defendants' policies, procedures, merit system, and representations, together with the parties' conduct, constituted a lawful express or implied contract of employment under the laws of New Mexico.

70.   Pursuant to the employment contract between the parties, Defendants had a duty to properly apply to Plaintiff any nepotism policy, including transfer provisions of that policy, and to properly and lawfully refrain from infringing upon Plaintiff's constitutional rights, including his right to be free from sex or gender discrimination, his right to freedom of association and privacy, his right to due process and equal protection, in accordance with its own policies, procedures, merit system, and practices and in accordance with the law.

71.   Defendants breached their duty to Plaintiff by wrongful acts and/or omissions including but not limited to, wrongfully transferring Plaintiff, discriminating against Plaintiff on the basis of his lawful exercise of his right to associate with a female dispatcher police officer, wrongfully depriving Plaintiff of employment without due process, retaliating

14

against Plaintiff, and violating Plaintiff's right to equal protection by treating him disparately from other employees on unlawful grounds.

72.   As a direct and proximate result of Defendants' wrongful acts and/or omissions alleged herein, Plaintiff suffered severe damages and losses including, but not limited to, economic losses, loss of income, wages, and benefits, a loss of employment advancement opportunities, consequential and incidental losses, extreme emotional distress, mental and physical pain and anguish, humiliation, ridicule, embarrassment, damage to his reputation, and other damages, including loss of enjoyment of life, violation of his constitutional rights including the right to free association, prejudgment interest, punitive damages and other damages permitted by law.

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

73.   Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-72 as if set forth in full herein.

74.   The contract between the parties, referenced herein, included a duty that Defendants perform their contractual duties and obligations in good faith and that they deal fairly with Plaintiff.

75.   Defendants breached their duty of good faith and fair dealing with regard to Plaintiff by wrongful acts and/or omissions including but not limited to, acting in a manner that injured Plaintiff's rights and ability to continue his employment with the Roswell Police Department, wrongfully transferring Plaintiff, discriminating against Plaintiff on the basis of his lawful exercise of his right to associate with a female police officer, wrongfully depriving Plaintiff of employment without due process, harassing and retaliating against

Plaintiff, and violating Plaintiff's right to equal protection by treating him disparately from other employees on unlawful grounds and by unlawfully enforcing in the manner they did, Defendants' nepotism policy in effect at the time Defendants' compelled Plaintiff's resignation from his employment.

76.    As a direct and proximate result of Defendants' wrongful acts and/or omissions alleged herein, Plaintiff suffered severe damages and losses including, but not limited to, economic losses, loss of income, wages, and benefits, a loss of employment advancement opportunities, consequential and incidental losses, extreme emotional distress, mental and physical pain and anguish, humiliation, ridicule, embarrassment, damage to his reputation, and other damages, including loss of enjoyment of life, violation of his constitutional rights including the right to free association, prejudgment interest, punitive damages and other damages permitted by law.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-76 as if set forth in full herein.

78.    Defendants' conduct referenced herein, including their wrongful discrimination against Plaintiff, their violation of his constitutional rights to freedom of association and to be free from discrimination, and their violation of Plaintiff's due process and equal protection rights, was extreme and outrageous under the circumstances.

79.    Defendants' conduct, including conduct by Owens and Campbell wrongfully transferring Plaintiff, on going harassment of Plaintiff, increased scrutiny of Plaintiff including investigations, harassing and retaliating against Plaintiff, and Defendants' invasion of

Plaintiff's privacy, were not necessary, requested, required, and/or authorized under Defendants' nepotism policy or any personnel policy promulgated by the City of Roswell or the Roswell Police Department.

80.  Defendants acted intentionally or recklessly.

81.  As a direct and proximate result of Defendants' wrongful acts and/or omissions alleged herein, Plaintiff suffered severe damages and losses including, severe emotional distress and other damages alleged herein.

## NEW MEXICO'S HUMAN RIGHTS ACT

82.  Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-80 as if set forth in full herein.

83.  At all times material to this Complaint, New Mexico had in full force and effect a statute NMSA 2001, Sections 28-1-1 et. seq. and 28-1-7(A), which prohibited as unlawful discriminatory practice, an employer from discharging, refusing to promote, demote, or discriminating in compensation, terms, conditions or privileges of employment, against any person otherwise qualified, because of sex or gender.

84.  It also is unlawful for an employer to aid, abet, incite, compel or coerce the doing of any unlawful discriminatory practice or to attempt to do so, to engage in any form of threats, reprisal, retaliation, or discrimination against any person who has opposed any unlawful discriminatory practice or has filed a complaint, testified or participated in any proceeding under the Human Rights Act, NMSA 2001, Sections 28-1-1 et. seq. and 28-1-7(A).

85.  Defendants violated Plaintiff's rights under New Mexico's Human Rights Act, by wrongful acts and/or omissions including but not limited to, treating Plaintiff disparately

17

from other employees, wrongfully causing the termination of Plaintiff's employment, wrongfully transferring Plaintiff, participating in, encouraging, and actively engaging in on-going conduct purposefully to cause the termination of Plaintiff's employment and as a means of reprisal against his lawful complaints regarding Defendants' conduct and action, denying Plaintiff due process with regard to termination of his employment and discipline matters, and by discriminating against Plaintiff on the basis of sex or gender and his intimate associations with a female co-employee.

86.  Defendants' conduct was not based on a bonafide occupational qualification.

87.  As a direct and proximate result of Defendants' wrongful acts and/or omissions alleged herein, Plaintiff suffered severe damages and losses including, but not limited to, economic losses, loss of income, wages, and benefits, a loss of employment advancement opportunities, consequential and incidental losses, extreme emotional distress, mental and physical pain and anguish, humiliation, ridicule, embarrassment, damage to his reputation, and other damages, including loss of enjoyment of life, violation of his constitutional rights including the right to free association, prejudgment interest, punitive damages and other damages permitted by law.

## RETALIATORY DISCHARGE

**Due Process**

88.  Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-87 as if set forth in full herein.

89.  In the alternative, Defendants unlawfully discharged Plaintiff in violation of New Mexico law, including New Mexico Constitution, Article II, Section 18.

18

90. At all times material to this action, New Mexico had in full force and effect constitutional provisions prohibiting Defendants from depriving Plaintiff of liberty or property without due process of law, namely New Mexico Constitution, Article II, Section 18.

91. Upon information and belief, at all times relevant to this action, Defendants had in effect personnel policies, procedures, employment manuals, a merit system, and other such items regarding employee matters regarding transfers, disciplinary and termination matters and procedures, including a nepotism rule as described herein.

92. As a public employee with the Roswell Police Department and pursuant to the parties' contract and Defendant's personnel policies and procedures and merit system, Plaintiff had a constitutionally protected property interest in his employment, which could not be taken away or curtailed without affording him due process and equal protection of law under the Constitution of New Mexico, including New Mexico Constitution, Article II, Section 18.

93. Defendants violated Plaintiff's constitutional right to due process by wrongful acts and/or omissions including but not limited to, wrongfully causing Plaintiff to terminate his employment thus circumventing his rights to due process, violating the terms and conditions of their own personnel rules and regulations, including the nepotism rule, wrongfully transferring Plaintiff, denying Plaintiff an opportunity to be heard at a meaningful time, prior to the imposition of punitive measures, on going actions taken by Defendants to harass, retaliation against, and to cause the termination of Plaintiff's employment without due process of law.

94. As a direct and proximate result of Defendant's wrongful acts and/or omissions alleged

19

herein, Plaintiff suffered damages and losses including, but not limited to, economic losses, loss of income, wages, and benefits, a loss of employment advancement opportunities, consequential and incidental losses, extreme emotional distress, mental and physical pain and anguish, humiliation, ridicule, embarrassment, damage to his reputation, and other damages, including loss of enjoyment of life, violation of his constitutional rights including the right to free association, punitive damages and other damages permitted by law.

## Equal Protection

95.    Additionally, at all times material to this action, New Mexico had in full force and effect constitutional provisions prohibiting Defendants from depriving Plaintiff equal protection of the laws, namely New Mexico Constitution, Article II, Section 18.

96.    Defendant violated Plaintiff's constitutional right to equal protection of the laws by wrongful acts and/or omissions including but not limited to, treating Plaintiff disparately from other employees, wrongfully causing the termination of Plaintiff's employment, wrongfully transferring Plaintiff, participating in, encouraging, and actively engaging in on-going conduct purposefully to cause the termination and/or resignation of Plaintiff's employment and which conduct unlawfully discriminated against Plaintiff on the basis of his intimate associations with a female co-employee, while others similarly situated were not subjected to such treatment and which policy facially and as applied discriminated against female employees and against Plaintiff.

97.    Defendants' violation of Plaintiff's constitutional right to equal protection, including his right to be free from sex or gender discrimination, his right to freely associate with

another police officer or person, and his rights to due process, was intentional, purposeful, and discriminatory and was without any legitimate basis.

98.   As a direct and proximate result of Defendants' wrongful acts and/or omissions alleged herein, Plaintiff suffered severe damages and losses including, but not limited to, economic losses, loss of income, wages, and benefits, a loss of employment advancement opportunities, consequential and incidental losses, extreme emotional distress, mental and physical pain and anguish, humiliation, ridicule, embarrassment, damage to his reputation, and other damages, including loss of enjoyment of life, violation of his constitutional rights including the right to free association, prejudgment interest, punitive damages and other damages permitted by law.

WHEREFORE, for the foregoing reasons, Plaintiff prays that the Court enter an Order in his favor for damages alleged herein, including reinstatement, back pay, loss of earnings, fringe benefits and all benefits to which Plaintiff would have been entitled if not for Defendants' wrongful and unlawful termination of his employment, applicable punitive damages, prejudgment interest, and other damages allowed by law.

Respectfully submitted,

Lorenzo E. Tapia
Counsel for Plaintiff
215 Central Ave. NW, # 1-B
Albuquerque, NM 87102
(505) 243-2869

21

THE EXHIBITS ATTACHED TO THIS

PLEADING ARE TOO VOLUMINOUS TO

SCAN.  SAID EXHIBITS ARE ATTACHED

TO THE ORIGINAL PLEADING IN THE

CASE FILE WHICH IS LOCATED IN THE

RECORDS DEPARTMENT,  U.S.

DISTRICT COURT CLERK'S OFFICE.