IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAMES HUEBNER,**

    **Plaintiff,**

vs.    Civil Case No.: CIV 01-1238 WJ/LCS

**CITY OF ROSWELL**, a body politic organized
and acting under the authority of the Laws of
New Mexico, **MAYOR BILL OWENS** in his
official capacity, and **CHIEF RICHARD
CAMPBELL**, individually and in his official
capacity as Chief of the Police Department of the
City of Roswell,

    **Defendants.**

## BRIEF ON AWARD OF FRONT PAY AND/OR REINSTATEMENT

**I.    The Court Has Discretion to Award Front Pay in Lieu of Reinstatement**

In **Gonzales v. Sandoval County**, 2 F. Supp. 2d 1442 (D.N.M. 1998) (Memorandum Opinion and Order), in which the plaintiff claimed discrimination under the Americans with Disabilities Act, the court stated that an order of reinstatement was within the court's equitable discretion. **Gonzales**, 2 F. Supp. 2d ___ (citing **Sears v. Atchison, Topeka & Santa Fe Ry. Co.**, 645 F.2d 1365, 1378 (10th Cir. 1981), **cert. denied**, 456 U.S. 964, 72 L. Ed. 2d 490, 102 S. Ct. 2045 (1982); **E.E.O.C. v. General Lines, Inc.**, 865 F.2d 1555, 1560-61 (10th Cir. 1989).

The United States Supreme Court has held that in a Title VII case, front pay is not an element of compensatory damages under 42 U.S.C. Section 1981a,

1



and is not subject to the damages cap imposed by Section 1981a(b)(3). **Pollard v. E.I. du Pont de Nemours & Co.**, ___ U.S. ___, 121. S. Ct. 1946, No. 00-763 (June 4, 2001). The Pollard case also reaffirmed the principle that front pay can be awarded in lieu of and as a substitute for reinstatement, especially when the continuing hostility exists between the parties or when the plaintiff suffers psychological injuries caused by an employer's conduct. **Pollard**, ___ U.S. at ___, 121. S. Ct. at ___, No. 00-763 at 8-10. **See also Gotthardt v. National R.R. Passenger Corp.**, 191 F.3d 1148, 1156 (9th Cir. 1999). The **Pollard** court noted that reinstatement is not always viable and front pay is a substitute necessary to make whole a plaintiff subjected to discrimination. **Pollard**, No. 00-763 at 8-10.

The court has discretion to deny reinstatement where a warm working relationship would not ensue. See **General Lines, Inc.**, 865 F.2d at 1564; **Fitzgerald v. Sirloin Stockade, Inc.**, 624 F.2d 945, 957 (10th Cir. 1980). In **Gonzales**, the court found that reinstatement was not proper because the parties' hostile relationship would preclude a productive or viable working relationship. **Gonzales**, 2 F. Supp. 2d at ___.

Denial of reinstatement due to hostile relations between parties is proper when a productive or amicable working relationship would be impossible. **James v. Sears, Roebuck & Co.**, 21 F.3d 989, 997 (10th Cir. 1994). Reinstatement also may be improper where no comparable positions exist or are available,

where litigation has irreparably damaged the parties' relationship, and where front pay would be awarded for a relatively short time period, due to retirement, for example. **Anderson v. Phillips Petroleum Co.**, 861 F.2d 631, 637-38 (10th Cir. 1989). Reinstatement also may not be proper where the plaintiff has found other work. **Gonzales,** (citing **Roush v. KFC Nat'l Mgmt. Co.**, 10 F.3d 392, 398 (6th Cir. 1993), **cert. denied**, 513 U.S. 808, 130 L. Ed. 2d 15, 115 S. Ct. 56 (1994)). The decision to order reinstatement rests with the trial court and that decision is reviewed for an abuse of discretion. **James**, 21 F.3d at 997.

In **Jackson v. City of Albuquerque**, 715 F. Supp. 1048 (D.N.M. 1987) (Memorandum Opinion and Order), the court noted that "front pay is an alternative remedy where there is no job available or where there is a hostile relationship." **Jackson**, 715 F. Supp. at ___ (citing **Cassino v. Reichbold**, 817 F.2d 1338, 1346 (9th Cir. 1987); **Whittlesey v. Union Carbide Corp.**, 742 F.2d 724, 728 (2d Cir. 1984), **reversed on other grounds**, 890 F.2d 225 (10th Cir. 1989)). In **Jackson**, the court awarded front pay for a period of two years, in lieu of reinstatement. The plaintiff in **Jackson sought** reinstatement and appealed the matter to the Tenth Circuit Court of Appeals. On appeal, the court ordered that the plaintiff be reinstated to his position with the City of Albuquerque, stating that the hostility appeared to be one sided by the City and that reinstatement under the specific facts of that case was proper. **Jackson**, 890 F.2d at ___.

Front pay is intended to compensate victims of discrimination following

3

judgment for any continuing effects of discrimination, until the victim can be made whole. See **Pitre v. Western Elec. Co.**, 843 F.2d 1262, 1278 (10th Cir. 1988). Front pay is calculated in the same manner as back pay and includes fringe benefits like bonuses, profit sharing, cost of living increases, insurance, overtime, sick pay and business vacations. **Schlei & Grossman, Employment Discrimination Law**, Chapter 38 III C (2d Ed. 1983-84 Cum. Supp.), Chapter 38 V A (2d Ed. 1976). Front pay awards have been made for varying periods of time. Several courts have awarded six months of front pay, **e.g., EEOC v. Pacific Press Publishing Ass'n**, 482 F. Supp. 1291 (N.D. Cal. 1979), **aff'd**, 676 F.2d 1272 (9th Cir. 1982), while other courts have awarded front pay for much longer time periods, **e.g. Fitzgerald v. Sirloin**, 624 F.2d at 957 (awarding front pay for five years); and **Sterzling v. Ft. Bend Independent Sch. Dist., Ft. Bend, Texas**, 496 F.2d 92 (5th Cir. 1974) (awarding front pay for "several" years).

In this case front pay, rather than reinstatement would be proper. Front pay would accomplish the goals of redressing the harm to Plaintiff and would assist in making Plaintiff whole.

Respectfully submitted,

Lorenzo E. Tapia
301 Gold Ave. SW, # 105
Albuquerque, NM 87102
(505) 243-2869