IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES HUEBNER,

    Plaintiff,

vs.                                                                 No. CIV-01-1238 WJ/LCS

CITY OF ROSWELL, a body politic
organized and acting under the authority
of the Laws of New Mexico, MAYOR BILL
OWENS in his official capacity, and CHIEF
RICHARD CAMPBELL, individually and his
official capacity as Chief of the Police Department
of the City of Roswell,

    Defendants.

## MEMORANDUM IN SUPPORT OF
## AMENDED MOTION FOR AN AWARD OF ATTORNEYS' FEES

Plaintiff, James Huebner, submits this memorandum in support of his motion for an award of attorneys' fees in this matter.

### INTRODUCTION

In any fee request pursuant to 42 U.S.C. § 1988(b), a claimant must prove two elements: (1) that the claimant was the prevailing party in the proceeding and (2) that the claimant's fee request is reasonable. See, Hensley v. Eckhart, 461 U.S. 424, 433 (1983); Robinson v. City of Edmond, 160 F.3d 1275, 1280 (10th Cir. 1998).

### I
### PLAINTIFF PREVAILED

Clearly, Plaintiff prevailed in this action. On December 9, 2002, the Court awarded a judgment in favor of Plaintiff that consists of $135,113 in back pay, $25,000 in compensatory damages, $528,957 in lost PERA benefits and $234,948 in front pay.



In addition, the relief obtained in this case extends beyond merely the Plaintiff himself. It reasonably can be expected that the Defendants will be "motivated to pause and reflect" on their misconduct. See, Malley v. Briggs, 465 U.S. 335, 343 (1986). Plaintiff's success in vindicating his rights can be viewed as an asset to the community at large. See, e.g., Nephew v. City of Aurora, 830 F. 2d 1547, 1549 (10th Cir. 1987) (en banc), cert. denied, 108 S. Ct. 1269 (1988) (acknowledging value to society of successful prosecution of civil rights case based on vindication of rights of rights and message of deterrence to others in community).

## II
## PLAINTIFF'S FEE REQUEST IS REASONABLE

The Affidavits of Lorenzo E. Tapia, Esq. (now deceased) and Kurt Wihl (the undersigned substituted counsel for Plaintiffs) establish that their hourly rates ($250 and $175 per hour, respectively) are reasonable. Congress intended that "reasonable fees" under Section 1988 should be calculated according to the prevailing market rates in the relevant community. See, Blum v. Stenson, 465 U.S. 886, 895 (1984). Those affidavits and the associated time records show that the time spent in successfully prosecuting Plaintiff's claim to a judgment totaling $924,018 was reasonable as well. This information establishes the basis for arriving at the required "lodestar" figure. See, Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1202 (10th Cir. 1998). Despite the fact that the combined lodestar figure for the services of Lorenzo E. Tapia, Esq. and Keleher & McLeod, P.A. is $13,495.00 (excluding tax), whereas the amount obtained for the Plaintiff is $924,018.00, Plaintiff does not seek to enhance the statutory fee award in this case.

2

It should also be considered that in this case any award of attorneys' fees to counsel for Plaintiff is contingent upon the Plaintiff obtaining a judgment or settlement from the Defendants. In other words, Plaintiff's counsel accepted a risk in representing Plaintiff in this action. Lawyers who are to be compensated only in the event of victory expect, and are entitled to be paid, more when successful than those who are assured of compensation regardless of result. This is neither less nor more appropriate in civil and constitutional rights litigation than in personal injury cases. The standard of compensation must enable counsel to accept apparently just causes without awaiting sure winners. See, Jones v. Diamond, 636 F.2d 1364, 1382 (5th Cir. 1981) (en banc).

Further, it is well settled that the time expended in proving and pursuing the fee claim itself is to be compensated as any other attorney time. See, Love v. Mayor, City of Cheyenne, 620 F.2d 235 (10th Cir. 1980).

## CONCLUSION

For the reasons stated above, in the Amended Motion for an Award of Attorneys' Fees and the accompanying affidavits and exhibits, Plaintiff respectfully requests that the Court award him attorneys' fees pursuant to 42 U.S.C. § 1988 in the total amount of $14,278.86, which represents $12,795.00 for fees of the law offices of Lorenzo E. Tapia, Esq. and $700.00, for fees of Keleher & McLeod, P.A. as well as gross receipts tax on said fees in the amounts of $743.71 and $40.69 respectively.

KELEHER & McLEOD, P.A.

By_____
Kurt Wihl
P.O. Drawer AA
Albuquerque, NM 87103
Telephone: (505) 346-4646
*Attorneys for Plaintiff*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was mailed on December 19TH, 2002 to the following Defendants by first class mail postage prepaid to the following addresses:

>City of Roswell
>425 Richardson Ave.
>Roswell, New Mexico 88201
>
>Mayor Bill Owens
>425 Richardson Ave.
>Roswell, New Mexico 88201
>
>Chief of Police Richard Campbell
>128 W. Second Street
>Roswell, New Mexico 88201

>KELEHER & McLEOD, P.A.
>
>By _____
>Kurt Wihl
>P.O. Drawer AA
>Albuquerque, New Mexico 87103
>(505) 346-4646
>*Attorneys for Plaintiff*

kw0488

4