IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES HUEBNER,

    Plaintiff,

v.                                              No. CIV-01-1238 WJ/LCS

CITY OF ROSWELL, et al.,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>ON PLAINTIFF'S AMENDED MOTION</u>**
**<u>FOR AN AWARD OF ATTORNEYS' FEES</u>**

THIS MATTER comes before the Court pursuant to Plaintiff's Amended Motion for an Award of Attorneys' Fees [Docket No. 27]. Having reviewed the submissions and the relevant law, I find that Plaintiff is entitled to an award of attorneys' fees as stated below.

**PROCEDURAL BACKGROUND**

Plaintiff filed his original Complaint in this matter on October 30, 2001. Among Plaintiffs claims were claims brought pursuant to 42 U.S.C. § 1983. For reasons explained in prior orders of this Court, default judgment was entered against all Defendants on the issue of liability on April 24, 2002 [Docket No. 11] and on damages on December 10, 2002 [Docket No. 25]. Plaintiff then requested an award of attorneys' fees under 42 U.S.C. § 1988. Following the entry of judgment in this case, Defendants filed an appeal, filed an entry of appearance, and filed a motion to set aside the judgment. Defendants then filed a Response to Plaintiff's Amended Motion for an Award of Attorneys' Fees [Docket No. 40] in which Defendants deny, on the basis of their

motion to set aside the default judgment, that Plaintiff is entitled to an award of attorneys' fees but otherwise do not object to the time expended or the hourly rate requested by Plaintiff's attorneys.

**DISCUSSION** - REASONABLE ATTORNEY'S FEE

When determining a reasonable award of attorney's fees, a court must first calculate the "lodestar," which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate. United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219 (10th Cir. 2000). A judge should approach the issue of reasonableness much as a senior partner in a law firm would review the billing of subordinate attorneys. Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). District courts must articulate specific reasons for fee awards to give the Tenth Circuit an adequate basis for review in the event an award is appealed. Ramos v. Lamm, 713 F.3d 546, 552 (10th Cir. 1983) overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 725 (1987).

I.   REASONABLE HOURLY RATE

In setting the hourly rate, a court should establish a billing rate based on the norm for lawyers of comparable skill and performance in private practice in the area in which the court sits calculated as of the time the court awards the fee. Ramos, 713 F.3d at 555. Plaintiff's current counsel requests a rate of $250 an hour for attorney Lorenzo Tapia and $175 an hour for attorney Kurt Wihl.

I would normally not award an attorney an hourly rate of $250 as I believe this is a bit higher than the norm for lawyers of Mr. Tapia's skill and experience in this geographic area. In an employment case, I recently awarded an attorney with 31 years experience in employment law

2

an hourly rate of $225.  Civ. No. 00-447 WJ/WWD.  The hourly rate of $225 is what I normally consider to be a reasonable hourly rate for attorneys of the highest skill level and experience in this geographic area.  However, Defendants do not object to an hourly rate of $250 for Mr. Tapia, and I do not find this amount to be entirely unreasonable.  Mr. Tapia was an attorney with forty years of experience in civil litigation including civil rights litigation.  Therefore, I will award Mr. Tapia's fee at the hourly rate of $250.

Mr. Wihl has been practicing in New Mexico for nearly twenty years.  Defendants do not object to Mr. Wihl's requested hourly rate of $175, and I do not find this to be an unreasonable hourly rate for an attorney of Mr. Wihl's skill and experience in this geographic area.  Therefore, I will award Mr. Wihl's fee at the hourly rate of $175.

II.     REASONABLE HOURS EXPENDED

In determining reasonable hours expended, a court should examine the total number of hours reported by each lawyer, question reported time in excess of the norm, determine the reasonableness of hours allotted to specific tasks, and determine any potential duplication of services.  Ramos v. Lamm, 713 F.3d 546.  Prevailing parties who seek attorney's fees must keep meticulous, contemporaneous time records.  Id., at 553.

Plaintiff requests 51.18 hours for Mr. Tapia and 4 hours for Mr. Wihl.  Defendants do not object to the reasonableness of the requested hours for Plaintiff's attorneys.  I have reviewed the time records presented for Plaintiff's attorneys and find that the time records are sufficiently precise and contemporaneous.  Further, I find that the total requested hours is reasonable.  Finally, I find that the hours allotted to specific tasks are reasonable.  Therefore, I will award fees for the requested hours.

III.   GROSS RECEIPTS TAXES

Expenses not taxable in accordance with 28 U.S.C. § 1920 that are normally itemized and billed in addition to the hourly rate should be included in fee allowances if reasonable in amount. Case v. Unified School Dist. No. 233, Johnson County Kan., 157 F.3d 1243, 1257 (10th Cir. 1998); Ramos, 713 F.2d at 559.  New Mexico requires professionals to pay gross receipts tax on their earnings.  Consequently, attorneys in New Mexico bill gross receipts tax to their clients.  The gross receipts taxes on Mr. Wihl's and Mr. Tapia's fees will be awarded as part of the fee.

**RECAPITULATION**

I will award attorneys' fees as follows:

| | |
|---|---:|
| Mr. Tapia's time of 51.18 hours @ $250 per hour | $ 12,795.00 |
| Gross Receipts tax on Mr. Tapia's fee at 5.8125% | $      743.71 |
| Mr. Wihl's time of 4 hours @ $175 per hour | $      700.00 |
| Gross Receipts tax on Mr. Wihl's fee at 5.8125% | $        40.69 |
| **TOTAL** | **$ 14,279.40** |

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Amended Motion for an Award of Attorneys' Fees [Docket No. 27] is hereby GRANTED as described herein for a total of fourteen thousand two hundred seventy-eight dollars and forty cents ($14,278.40).

_____
UNITED STATES DISTRICT JUDGE

4